**Opinion filed November 13, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00060-CR

_____

## ALFREDO GARCIA, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 106th District Court

Dawson County, Texas

Trial Court Cause No. 08-6803

## M E M O R A N D U M   O P I N I O N

The jury convicted Alfredo Garcia of unlawful possession of a firearm by a felon and of unlawfully carrying a weapon, found the enhancement allegations to be true, and assessed his punishment at confinement for life for each offense. We affirm.

Appellant raises thirteen points of error. In his eighth and ninth points of error, appellant argues that the evidence is legally and factually insufficient to support his convictions. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 135. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9; *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996). This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

Rudy Sauseda is the owner of Bubba's Nite Club. Sauseda posted signs in the nightclub informing customers that the possession of a firearm on the premises was a felony offense. *See* TEX. PENAL CODE ANN. § 46.02 (Vernon Supp. 2009). The record shows that, at the time of the offenses, appellant was on parole for escape. Therefore, appellant was prohibited from possessing a firearm. TEX. PENAL CODE ANN. § 46.04(a) (Vernon Supp. 2009).

Sauseda testified at trial that, one night at Bubba's Nite Club, customers informed him that appellant was being "rude" and that appellant was "packed." Sauseda first watched appellant, then became concerned, and decided to confront appellant. Sauseda asked appellant if he had a gun, and appellant did not respond. Sauseda called Leandro Gray, his security guard, for assistance. Sauseda then informed appellant that he needed to search him. Appellant reached behind his back, and Sauseda grabbed appellant because he was unsure if appellant had a gun. Sauseda and Gray put appellant on the floor and searched him. Sauseda testified that he found a gun in the back of

2

appellant's pants. Gray also testified at trial that, when Sauseda searched appellant, there was a gun in the back of appellant's pants.

Sauseda and Gray placed appellant in handcuffs and held him until police arrived. Gray testified that appellant said that the gun belonged to him and that he would leave town if they released him. However, when appellant learned that Sauseda had called the police, he said that the gun did not belong to him.

Appellant testified at trial that he did not possess a firearm at the nightclub. Appellant stated that, as he was leaving the nightclub, someone reached for his wallet. When appellant turned around, he "ended up on the floor in handcuffs, and all [his] pockets were emptied out by somebody." Appellant testified that Sauseda did not remove the firearm from appellant's person.

The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000). After reviewing all of the evidence, we find that the evidence is legally and factually sufficient to support appellant's convictions for unlawfully carrying a weapon and unlawful possession of a firearm by a felon. We overrule appellant's eighth and ninth points of error.

Appellant's first, third, sixth, and eleventh points of error concern his desire for self-representation and his pro se motions. Appellant has filed numerous pro se motions in this court including a motion to proceed pro se. On April 2, 2009, this court abated the appeal for the trial court to properly admonish appellant concerning his decision to waive his right to counsel. After a hearing, the trial court concluded that appellant was voluntarily and intelligently waiving his right to counsel and asserting his right to self-representation. Appellant has not shown that he was denied his right to self-representation. We overrule appellant's first point of error.

In his third and sixth points of error, appellant complains that the trial court erred in denying his pro se motion to suppress and in failing to issue findings of fact and conclusions of law on his pro se motion to suppress. Appellant filed his pro se motion February 5, 2009. Appellant was represented by counsel at that time. When an accused is represented by counsel, the trial court is entitled to look solely to the accused's counsel and is not required to consider pro se motions filed

3

when the accused was represented by counsel. *Meyer v. State*, 27 S.W.3d 644, 648 (Tex. App.—Waco 2000, pet. ref'd). We overrule appellant's third and sixth points of error.

In his eleventh point of error, appellant claims the trial court erred in refusing his pro se motion for recusal. Appellant filed a pro se motion for recusal on February 25, 2009. Appellant was represented by counsel at that time, and the trial court was not required to consider the motion. *Meyer*, 27 S.W.3d at 648. Moreover, appellant's pro se motion for recusal was not timely filed. TEX. R. CIV. P. 18a(a). We overrule appellant's eleventh point of error.

Appellant's second, fourth, and fifth points of error are based upon his detention at the nightclub. Appellant first argues that his arrest at the nightclub was illegal and without probable cause. The record shows that, based upon reports from other customers, Sauseda approached appellant and asked if appellant had a gun. Sauseda saw appellant reach to the back of his pants, and Sauseda forced appellant to the ground. Sauseda searched appellant and found a gun. Sauseda detained appellant until police arrived. Officer Andrew Barker arrived at the scene and placed appellant under arrest for unlawfully carrying a weapon. Officer Barker also learned that appellant had an outstanding warrant for a parole violation.

A private citizen may arrest another person, without a warrant, only for a felony or a breach of the public peace committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. art. 14.01(a) (Vernon 2005); *Miles v. State*, 241 S.W.3d 28, 39 (Tex. Crim. App. 2007). An arrest occurs when a person's liberty of movement is restricted or restrained. *Amores v. State*, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991). A citizen's arrest must be supported by probable cause. *Garner v. State*, 779 S.W.2d 498, 501 (Tex. App.—Fort Worth 1989, pet. ref'd). Probable cause is defined as the existence of reasonably trustworthy information sufficient to warrant a reasonable person to believe that a particular person has committed an offense. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

It is a felony offense to unlawfully carry a handgun on any premises licensed to or issued a permit by the State for the sale of alcoholic beverages. Section 46.02. Sauseda received information from a customer in the nightclub that appellant was in possession of a handgun. Sauseda approached appellant and asked if he had a gun. Appellant did not respond. Appellant then reached to the back of his pants, and Sauseda believed appellant was reaching for a gun. The record shows that Sauseda

4

had probable cause to believe appellant was unlawfully carrying a weapon on the premises of the nightclub. Appellant has not shown that he was illegally arrested.

Appellant next complains that the trial court erred in admitting the gun into evidence and in failing to charge the jury on the legality of the arrest and search. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005) provides that evidence obtained in violation of the Texas or United States Constitutions is inadmissible. Article 38.23(a) also states that "where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, . . . the jury shall disregard any such evidence so obtained." Article 38.23(a) requires the suppression of any evidence flowing from a citizen's arrest made without probable cause. *See* Article 38.23(a); *Garner*, 779 S.W.2d at 501.

Having previously held that Sauseda had probable cause to believe appellant was committing the offense of unlawfully carrying a weapon, we find that the trial court did not err in admitting the gun into evidence and did not err in failing to include an instruction to the jury pursuant to Article 38.23(a). Moreover, the record does not show that appellant requested an instruction to the jury to disregard any evidence obtained in violation of Article 38.23(a). Appellant did not object to the failure to include the instruction and has, therefore, waived this complaint for review. TEX. R. APP. P. 33.1. We overrule Points Two, Four, and Five.

In his seventh point of error, appellant contends that his convictions for unlawfully carrying a weapon and unlawful possession of a firearm by a felon were obtained in violation of double jeopardy. The United States Supreme Court articulated the test used for double jeopardy analysis in *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* test asks whether each offense contains an element not contained in the other; if not, they are the same offense, and double jeopardy bars additional punishment and successive prosecution.

A person commits the offense of unlawfully carrying a weapon if:

[T]he person intentionally, knowingly, or recklessly carries on or about his or her person a handgun, illegal knife, or club if the person is not:

(1) on the person's own premises or premises under the person's control; or

5

(2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control.

Section 46.02(a). A person commits the offense of unlawful possession of a firearm by a felon if:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

Section 46.04(a). Applying the *Blockburger* test, the offenses contain an element not found in the other. Section 46.04 requires proof that the person has been convicted of a felony and is in possession of a firearm within the defined time frame. Section 46.02 also requires proof that a person possessed a handgun, illegal knife, or club other than on the person's own premises.

Appellant also argues that his convictions violated the double jeopardy provision in that his prior convictions were used for enhancement purposes. However, the use of prior convictions for enhancement purposes does not implicate double jeopardy concerns. *See Sigler v. State*, 157 S.W.2d 903, 904 (Tex. Crim. App. 1941); *State v. Cagle*, 77 S.W.3d 344, 347 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). We overrule appellant's seventh point of error.

Appellant argues in his tenth point of error that he was prejudiced when the jury entered into deliberations before the close of evidence. During the State's case in the guilt/innocence phase of trial, the trial court held a voir dire examination outside the presence of the jury. During the voir dire examination, the jury sent a note to the trial court that asked, "Do we know what [appellant] did before so he was on parole." The trial court answered, "I'm sorry. I can't tell you that."

The testimony immediately prior to the jury's note was from appellant's parole officer. Appellant later testified at trial that he was on parole for escape. The jury's note does not show that the jury had begun deliberations. The trial court correctly instructed the jurors that the trial court was

6

unable to answer their question. Appellant has not shown any harm from the jury's note. TEX. R. APP. P. 44.2(b). We overrule appellant's tenth point of error.

In his twelfth point of error, appellant argues that the State misrepresented the law during its closing argument. Appellant specifically complains of the prosecutor's statements, "You either believe all of what those witnesses told you, or you believe none of them, and then you tell them he's not guilty," and "Either all seven of the State's witnesses -- or all six of them that were involved -- are lying to you, if [appellant's] theory is true." Viewed in the context of the State's entire closing argument, it is clear that the statements were a proper summation of the evidence. *See Wesbrook*, 29 S.W.3d at 115. We overrule appellant's twelfth point of error.

Appellant contends in his thirteenth point of error that he received ineffective assistance of counsel. In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

Appellant lists many instances of alleged ineffective representation by his trial counsel. Appellant states that his trial counsel was ineffective in failing to investigate the case and call witnesses requested by appellant. The record shows that trial counsel filed numerous pretrial motions on appellant's behalf in preparation for trial. The record before us does not explain trial counsel's reasoning in not calling witnesses requested by appellant. Appellant has not shown that the decision was not based upon sound trial strategy.

Many of appellant's complaints about his trial counsel's actions are addressed in his points of error. Generally, the record on direct appeal will not be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When the record contains no evidence of the reasoning

behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). After reviewing the entire record, appellant's trial counsel filed pretrial motions, conducted discovery, made objections at trial, and thoroughly cross-examined the State's witnesses. Appellant has not shown that he received ineffective assistance of counsel at trial. We overrule appellant's thirteenth point of error.

All of appellant's contentions have been considered. Each is overruled.

We affirm the trial court's judgment.


PER CURIAM


November 13, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.