Opinion filed November 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00060-CR 

                                                    __________

 

                                     ALFREDO GARCIA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                                  Trial
Court Cause No. 08-6803

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Alfredo Garcia of unlawful possession of a firearm by a felon
and of unlawfully carrying a weapon, found the enhancement allegations to be
true, and assessed his punishment at confinement for life for each offense.  We
affirm.








Appellant
raises thirteen points of error.  In his eighth and ninth points of error,
appellant argues that the evidence is legally and factually insufficient to
support his convictions.  In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.  We review the factfinder=s weighing of the evidence
and cannot substitute our judgment for that of the factfinder.  Cain,
958 S.W.2d at 407; Clewis, 922 S.W.2d at 135.  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 9; Jones v. State, 944 S.W.2d
642 (Tex. Crim. App. 1996).  This court has the authority to disagree with the
factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

Rudy
Sauseda is the owner of Bubba=s
Nite Club.  Sauseda posted signs in the nightclub informing customers that the
possession of a firearm on the premises was a felony offense.  See Tex. Penal Code Ann. ' 46.02 (Vernon Supp.
2009).  The record shows that, at the time of the offenses, appellant was on
parole for escape.  Therefore, appellant was prohibited from possessing a
firearm.  Tex. Penal Code Ann. ' 46.04(a) (Vernon Supp.
2009).








Sauseda
testified at trial that, one night at Bubba=s
Nite Club, customers informed him that appellant was being Arude@ and that appellant was Apacked.@  Sauseda first watched
appellant, then became concerned, and decided to confront appellant.  Sauseda
asked appellant if he had a gun, and appellant did not respond.  Sauseda called
Leandro Gray, his security guard, for assistance.  Sauseda then informed
appellant that he needed to search him.  Appellant reached behind his back, and
Sauseda grabbed appellant because he was unsure if appellant had a gun. 
Sauseda and Gray put appellant on the floor and searched him.  Sauseda
testified that he found a gun in the back of appellant=s pants.  Gray also testified at trial that,
when Sauseda searched appellant, there was a gun in the back of appellant=s pants.

Sauseda
and Gray placed appellant in handcuffs and held him until police arrived.  Gray
testified that appellant said that the gun belonged to him and that he would
leave town if they released him.  However, when appellant learned that Sauseda
had called the police, he said that the gun did not belong to him.

Appellant
testified at trial that he did not possess a firearm at the nightclub. 
Appellant stated that, as he was leaving the nightclub, someone reached for his
wallet.  When appellant turned around, he Aended
up on the floor in handcuffs, and all [his] pockets were emptied out by
somebody.@  Appellant
testified that Sauseda did not remove the firearm from appellant=s person.

The
jury is the sole judge of the credibility of the witnesses and the weight to be
given their testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  The jury
is the exclusive judge of the credibility of the witnesses and the weight to be
given to their testimony.  Wesbrook v. State, 29 S.W.3d 103 (Tex. Crim.
App. 2000).  After reviewing all of the evidence, we find that the evidence is
legally and factually sufficient to support appellant=s convictions for unlawfully carrying a weapon
and unlawful possession of a firearm by a felon.  We overrule appellant=s eighth and ninth points
of error.

Appellant=s first, third, sixth, and
eleventh points of error concern his desire for self-representation and his pro
se motions.  Appellant has filed numerous pro se motions in this court
including a motion to proceed pro se.  On April 2, 2009, this court abated the
appeal for the trial court to properly admonish appellant concerning his
decision to waive his right to counsel.  After a hearing, the trial court
concluded that appellant was voluntarily and intelligently waiving his right to
counsel and asserting his right to self-representation.  Appellant has not
shown that he was denied his right to self-representation.  We overrule
appellant=s first
point of error.








In
his third and sixth points of error, appellant complains that the trial court
erred in denying his pro se motion to suppress and in failing to issue findings
of fact and conclusions of law on his pro se motion to suppress.  Appellant
filed his pro se motion February 5, 2009.  Appellant was represented by counsel
at that time.  When an accused is represented by counsel, the trial court is
entitled to look solely to the accused=s
counsel and is not required to consider pro se motions filed when the accused
was represented by counsel.  Meyer v. State, 27 S.W.3d 644, 648 (Tex.
App.CWaco 2000, pet.
ref=d).  We overrule
appellant=s third and
sixth points of error.

In
his eleventh point of error, appellant claims the trial court erred in refusing
his pro se motion for recusal.  Appellant filed a pro se motion for recusal on
February 25, 2009.  Appellant was represented by counsel at that time, and the
trial court was not required to consider the motion.  Meyer, 27 S.W.3d
at 648.  Moreover, appellant=s
pro se motion for recusal was not timely filed.  Tex. R. Civ. P. 18a(a).  We overrule appellant=s eleventh point of error.

 Appellant=s second, fourth, and fifth
points of error are based upon his detention at the nightclub.  Appellant first
argues that his arrest at the nightclub was illegal and without probable
cause.  The record shows that, based upon reports from other customers, Sauseda
approached appellant and asked if appellant had a gun.  Sauseda saw appellant
reach to the back of his pants, and Sauseda forced appellant to the ground. 
Sauseda searched appellant and found a gun.  Sauseda detained appellant until
police arrived.  Officer Andrew Barker arrived at the scene and placed
appellant under arrest for unlawfully carrying a weapon.  Officer Barker also
learned that appellant had an outstanding warrant for a parole violation.

A
private citizen may arrest another person, without a warrant, only for a felony
or a breach of the public peace committed in his presence or within his view.  Tex. Code Crim. Proc. Ann.
art. 14.01(a) (Vernon 2005); Miles v. State, 241 S.W.3d 28, 39
(Tex. Crim. App. 2007).  An arrest occurs when a person=s liberty of movement is restricted or
restrained.  Amores v. State, 816 S.W.2d 407, 411 (Tex. Crim. App.
1991).  A citizen=s
arrest must be supported by probable cause.  Garner v. State, 779
S.W.2d 498, 501 (Tex. App.CFort
Worth 1989, pet. ref=d). 
Probable cause is defined as  the existence of reasonably trustworthy
information sufficient to warrant a reasonable person to believe that a
particular person has committed an offense.  State v. Ballard, 987
S.W.2d 889, 892 (Tex. Crim. App. 1999).








It
is a felony offense to unlawfully carry a handgun on any premises licensed to
or issued a permit by the State for the sale of alcoholic beverages.  Section
46.02.  Sauseda received information from a customer in the nightclub that
appellant was in possession of a handgun.  Sauseda approached appellant and
asked if he had a gun.  Appellant did not respond.  Appellant then reached to
the back of his pants, and Sauseda believed appellant was reaching for a gun. 
The record shows that Sauseda had probable cause to believe appellant was
unlawfully carrying a weapon on the premises of the nightclub.  Appellant has
not shown that he was illegally arrested.

Appellant
next complains that the trial court erred in admitting the gun into evidence
and in failing to charge the jury on the legality of the arrest and search.  Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005) provides that evidence obtained in violation
of the Texas or United States Constitutions is inadmissible.  Article 38.23(a)
also states that Awhere
the legal evidence raises an issue hereunder, the jury shall be instructed that
if it believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, . . . the jury shall disregard any
such evidence so obtained.@ 
Article 38.23(a) requires the suppression of any evidence flowing from a
citizen=s arrest made
without probable cause.  See Article 38.23(a); Garner, 779 S.W.2d
at 501.

Having
previously held that Sauseda had probable cause to believe appellant was
committing the offense of unlawfully carrying a weapon, we find that the trial
court did not err in admitting the gun into evidence and did not err in failing
to include an instruction to the jury pursuant to Article 38.23(a). 
Moreover, the record does not show that appellant requested an instruction to
the jury to disregard any evidence obtained in violation of Article 38.23(a). 
Appellant did not object to the failure to include the instruction and has,
therefore, waived this complaint for review.  Tex.
R. App. P. 33.1.  We overrule Points Two, Four, and Five.

In
his seventh point of error, appellant contends that his convictions for
unlawfully carrying a weapon and unlawful possession of a firearm by a felon
were obtained in violation of double jeopardy.  The United States Supreme Court
articulated the test used for double jeopardy analysis in Blockburger v.
United States, 284 U.S. 299 (1932).  The Blockburger test asks
whether each offense contains an element not contained in the other; if not,
they are the same offense, and double jeopardy bars additional punishment and
successive prosecution.

A
person commits the offense of unlawfully carrying a weapon if:

[T]he person
intentionally, knowingly, or recklessly carries on or about his or her person a
handgun, illegal knife, or club if the person is not:

 

(1)
on the person=s own
premises or premises under the person=s
control; or

 








(2) inside of or
directly en route to a motor vehicle that is owned by the person or under the
person=s control.

 

Section 46.02(a).  A person commits the offense of unlawful possession of
a firearm by a felon if: 

(a) A person who has been convicted of a felony commits an offense if he
possesses a firearm:

 

(1) after
conviction and before the fifth anniversary of the person=s release from confinement
following conviction of the felony or the person=s
release from supervision under community supervision, parole, or mandatory
supervision, whichever date is later; or

 

(2) after the
period described by Subdivision (1), at any location other than the premises at
which the person lives.

 

Section
46.04(a).  Applying the Blockburger test, the offenses contain an
element not found in the other.  Section 46.04 requires proof that the person
has been convicted of a felony and is in possession of a firearm within the
defined time frame.  Section 46.02 also requires proof that a person possessed
a handgun, illegal knife, or club other than on the person=s own premises.

Appellant
also argues that his convictions violated the double jeopardy provision in that
his prior convictions were used for enhancement purposes.  However, the use of
prior convictions for enhancement purposes does not implicate double jeopardy
concerns.  See Sigler v. State, 157 S.W.2d 903, 904 (Tex. Crim. App.
1941); State v. Cagle, 77 S.W.3d 344, 347 (Tex. App.CHouston [14th Dist.] 2002,
pet. ref=d).  We
overrule appellant=s
seventh point of error.

Appellant
argues in his tenth point of error that he was prejudiced when the jury entered
into deliberations before the close of evidence.   During the State=s case in the
guilt/innocence phase of trial, the trial court held a voir dire examination
outside the presence of the jury.  During the voir dire examination, the jury
sent a note to the trial court that asked, ADo
we know what [appellant] did before so he was on parole.@  The trial court answered, AI=m sorry.  I can=t
tell you that.@








The
testimony immediately prior to the jury=s
note was from appellant=s
parole officer.  Appellant later testified at trial that he was on parole for
escape.  The jury=s
note does not show that the jury had begun deliberations.  The trial court
correctly instructed the jurors that the trial court was unable to answer their
question.  Appellant has not shown any harm from the jury=s note.  Tex. R. App. P. 44.2(b).  We overrule
appellant=s tenth
point of error.

In
his twelfth point of error, appellant argues that the State misrepresented the
law during its closing argument.  Appellant specifically complains of the
prosecutor=s
statements, AYou
either believe all of what those witnesses told you, or you believe none of
them, and then you tell them he=s
not guilty,@ and AEither all seven of the
State=s witnesses --
or all six of them that were involved -- are lying to you, if [appellant=s] theory is true.@  Viewed in the context of
the State=s entire
closing argument, it is clear that the statements were a proper summation of
the evidence.  See Wesbrook, 29 S.W.3d at 115.  We overrule appellant=s twelfth point of error.

Appellant
contends in his thirteenth point of error that he received ineffective
assistance of counsel.  In order to determine whether appellant=s trial counsel rendered
ineffective assistance at trial, we must first determine whether appellant has
shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  We must indulge a strong
presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

Appellant
lists many instances of alleged ineffective representation by his trial
counsel.  Appellant states that his trial counsel was ineffective in failing to
investigate the case and call witnesses requested by appellant.  The record
shows that trial counsel filed numerous pretrial motions on appellant=s behalf in preparation for
trial.  The record before us does not explain trial counsel=s reasoning in not calling
witnesses requested by appellant.  Appellant has not shown that the decision
was not based upon sound trial strategy.








Many
of appellant=s
complaints about his trial counsel=s
actions are addressed in his points of error.  Generally, the record on direct
appeal will not be sufficient to show that trial counsel=s representation was so lacking as to overcome
the presumption of reasonable conduct.  Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  When the record contains no evidence of the
reasoning behind trial counsel=s
actions, we cannot conclude that counsel=s
performance was deficient.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  After reviewing the entire record, appellant=s trial counsel filed
pretrial motions, conducted discovery, made objections at trial, and thoroughly
cross-examined the State=s
witnesses.  Appellant has not shown that he received ineffective assistance of
counsel at trial.  We overrule appellant=s
thirteenth point of error.

All
of appellant=s
contentions have been considered.  Each is overruled.

We
affirm the trial court=s
judgment.

 

 

PER CURIAM

 

November 13,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.