# NOS. 12-12-00327-CR
# 12-12-00328-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NEHEMIAH STEELE, JR.,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Nehemiah Steele, Jr. appeals his two convictions for evading arrest. The trial court sentenced him to forty-two years of imprisonment in one case and twenty years of imprisonment in the other case, to run concurrently. He raises five issues complaining that the trial court erred in admitting evidence that he violated parole, in finding the second enhancement paragraph to be true, and in assessing court costs. We affirm.

## BACKGROUND

Before a jury, Officer Destry Walsworth testified that he encountered Appellant on the night of November 7, 2011. As he approached from the opposite direction, a car parked on the side of the road suddenly turned on its lights and accelerated at a high rate of speed away from him. The officer made a u-turn and followed the vehicle, which continued to travel down several streets, ran two stop signs, and finally became immobilized when it hit a curb. The driver, Appellant, got out of the car and ran. Officer Walsworth and a second officer, who had joined the chase, ran after Appellant, caught him, and arrested him. The jury found Appellant guilty of evading arrest while using a vehicle in cause number 007-1590-11.

A few days after the jury trial in that case, Appellant entered a plea of guilty without an agreed punishment recommendation in a second evading arrest case, trial court cause number 007-1591-11. Later, after a single punishment hearing, the trial court sentenced Appellant to forty-two years of imprisonment and twenty years of imprisonment, to be served concurrently. The court also ordered him to pay court costs in the amount of $294.00 and $274.00 respectively.

## ADMISSIBILITY OF EVIDENCE

In his first issue in appellate cause number 12-12-00327-CR (trial court cause number 007-1590-11), Appellant asserts that the trial court erred in admitting evidence that he violated parole. He argues that its prejudice outweighed any probative value and, because the State had enough evidence to prove the offense, it did not need to present the evidence that he violated parole. He contends that the incendiary nature of the evidence, together with references by the prosecutor in jury argument, distracted or confused the jury causing the jury to give the evidence undue weight.

### Standard of Review

We review a trial court's evidentiary rulings for abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). The appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*.

### Applicable Law

Rule 403 presumes the admissibility of all relevant evidence and authorizes a trial judge to exclude this evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Fox v. State*, 115 S.W.3d 550, 562 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). The trial court is to conduct a balancing test to determine whether the probative value of an item of evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. The trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that

2

presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Evidence of other crimes, wrongs, or acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. TEX. R. EVID. 404(b).

**Analysis**

Officer Chuck Barber testified that, on November 10, 2011, he served a parole violation warrant on Appellant. He explained that parole is supervised release from the Texas Department of Corrections. The trial court immediately instructed the jury that the State had introduced evidence of an extraneous crime or bad act. The court explained that it was admitted only for the purpose of assisting the jury, and the evidence was introduced to show Appellant's motive or intent, if any. The court further admonished the jury that it could not consider this testimony unless it found and believed beyond a reasonable doubt that Appellant committed these acts. Several times in final argument to the jury, the prosecutor referenced the fact that Appellant was on parole. He argued that Appellant's intent was to avoid getting caught. He explained that being on parole might make a difference in someone's motive to run from police, saying that Appellant had every reason to run because if he is "busted," he goes back to "the pen."

Defense counsel argued that Appellant was not running from the police. He said Appellant "didn't have a clue what's going on behind him" and "was speeding around, had his radio up, and got himself into a jam." Evidence that Appellant was on parole at the time was probative of his motive to get away from the police officer. *See Powell v. State*, 189 S.W.3d 285, 288-89 (Tex. Crim. App. 2006). Thus, the admission of evidence that suggests Appellant had a motive to evade arrest serves to make less probable Appellant's defensive argument that he was not aware the police were behind him. Further, the trial court immediately gave the jury limiting instructions. Additionally, the risk of undue prejudice was minimized by the fact that the jury was not told what crime led to the parole status. *Id*. at 289. The witness who testified about the complained-of evidence did so by answering just two questions. Therefore, presentation of this evidence did not consume an inordinate amount of time. We conclude that the trial court did not abuse its discretion by admitting the evidence because of its probative value in showing Appellant's motive to run from police. *Id*. We overrule Appellant's first issue in appellate cause number 12-12-00327-CR.

**ENHANCEMENT PARAGRAPH**

In his second and third issues in appellate cause number 12-12-00327-CR, and his first and second issues in appellate cause number 12-12-00328-CR (trial court cause number 007-1591-11), Appellant contends the trial court erred in finding to be true the enhancement paragraph stating he had been convicted of delivery of a controlled substance. He argues that the evidence is legally insufficient to support the finding because there was a material variance between the indictment and the evidence. He does not dispute that the enhancement paragraph contained the correct cause number, court, and dates. He asserts, however, that he was prejudiced because the indictment named an incorrect offense. He complains that the State addressed the problem after the plea hearing had been completed and only days before the punishment phase was to begin.

## Applicable Law

A prior offense alleged for enhancement is "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him." *Sigler v. State*, 157 S.W.2d 903, 904 (Tex. Crim. App. 1941). The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the state. *Coleman v. State*, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979). The object of the doctrine of variance is to avoid prejudicial surprise to the defendant. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). A variance between the offense alleged in an enhancement paragraph and the proof presented at trial is material and fatal only if the variance was such as to mislead the appellant to his prejudice. *Id*.

## Analysis

The second enhancement paragraph in each indictment alleged that Appellant "committed the felony offense of Delivery of a Controlled Substance, and was convicted on the 17th day of July, 1995, in cause number 7-94-641 in the 7th Judicial District Court of Smith County, Texas." At a hearing that was initially set to be a sentencing hearing, the court heard argument from both sides about this enhancement paragraph. Defense counsel admitted to the trial court that the description of the offense as stated in each indictment is correct with the exception of the failure to include the word "simulated" before the words "controlled substance." He asserted that the enhancement paragraph alleged the wrong crime. However, Appellant was not surprised by the error, and as a matter of trial strategy, deliberately did not file a motion to

quash. He relied instead on the argument that the State is unable to prove the allegation. Counsel admitted that Appellant pleaded guilty and was sentenced to twenty years in the penitentiary for the crime the State attempted to use in the enhancement paragraph. He argued that the inaccurate enhancement paragraph in the indictment prejudiced Appellant by keeping him from being able to negotiate a plea bargain agreement. Counsel then asked the court for a continuance and time to brief the issue of prejudice. The court reset the hearing for one month later.

Days before the new setting for the sentencing hearing, the State filed a notice of intent to seek higher punishment based on the 1995 conviction for delivery of a simulated controlled substance in cause number 7-94-641. At the sentencing hearing, the State introduced a certified copy of the judgment and sentence in cause number 7-94-641, which is alleged in the second enhancement paragraph of each indictment. The judgment shows that, on July 17, 1995, Appellant was convicted of delivery of a simulated controlled substance in the 7th District Court of Smith County, and the offense was committed on January 16, 1994. Appellant was sentenced to twenty years of imprisonment for that offense, a felony of the first degree. Thus, there is no variance between the enhancement paragraph as alleged in the State's notice of intent to seek higher punishment and the proof presented at the sentencing hearing.

The court of criminal appeals has deemed "post-guilt, pre-punishment-phase notice of the State's intent to enhance [a defendant's] punishment with a prior conviction" to be acceptable. *Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013). Therefore, the fact that the State provided its corrected notice just before sentencing is not fatal.

Furthermore, the enhancement paragraph in the indictment contained all correct information with the exception of the name of the offense. This sort of variance has been held to be not fatal. *See Freda*, 704 S.W.2d at 42-43 (holding that variance not fatal when enhancement paragraph alleged prior conviction for bank robbery while proof showed conviction was for conspiracy to commit bank robbery); *Williams v. State*, 980 S.W.2d 222, 226-27 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd) (holding that variance not fatal when enhancement paragraph alleged grand theft auto while proof showed conviction for taking a vehicle without the owner's consent); *Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.–Tyler 1995, pet. ref'd) (holding that variance not fatal when enhancement paragraph alleged prior conviction for burglary of a building while proof showed conviction for attempted burglary of a building).

5

Appellant admits he was not surprised by the allegation in the enhancement paragraph in the indictment. Appellant contends that, while knowing it was impossible for the State to prove the enhancement paragraph as written, he determined that the best course of action was to put the State to its proof. Then, after the State realized the enhancement paragraph was one word from perfection and alleged a corrected enhancement paragraph by other acceptable means, Appellant asserted he had been prejudiced by the "inability to protect himself through plea bargaining" with prosecutors. Appellant admits to being unable to find case law as authority for his position. We conclude that no such authority exists because Appellant was not prejudiced. There is no evidence in the record that the variance prevented Appellant from identifying the conviction and preparing a defense. If he had been prejudiced under these circumstances, it would have been invited error. The law of invited error estops a party from making an appellate error of an action he induced. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). We overrule Appellant's second and third issues in cause number 007-1590-11 and Appellant's first and second issues in cause number 007-1591-11.

## COURT COSTS

In his fourth and fifth issues in cause number 12-12-00327-CR, and his third and fourth issues in cause number 12-12-00328-CR, Appellant contends the trial court erred in imposing court costs. He asserts that the record does not contain a certified bill of costs. Therefore, he argues, the evidence is insufficient to support the assessment and the resulting order of withdrawal.

**Standard of Review**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order collection thereof." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." *Id.* art.

103.006. However, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id*. art. 103.001.

## Analysis

Two weeks after Appellant filed his briefs, the State supplemented the appellate record with the certified bill of costs in each case. Each bill of costs had been filed in the trial court about six weeks after the judgments were signed. The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See id*. arts. 103.001, 103.006. When a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c)(1). The bill of costs for cause number 12-12-00327-CR reflects assessed costs in the total amount of $294.00. The bill of costs for cause number 12-12-00328-CR reflects assessed costs in the total amount of $274.00. These are the amounts assessed by the trial court in each respective judgment. Thus, the evidence is sufficient to support the trial court's assessments and orders of withdrawal. *See **Owen v. State***, 352 S.W.3d 542, 547 (Tex. App.–Amarillo 2011, pet. ref'd) (court clerk's bill of costs is prima facie evidence of costs owed by defendant). We overrule Appellant's fourth and fifth issues in cause number 12-12-00327-CR and his third and fourth issues in cause number 12-12-00328-CR.

## DISPOSITION

The trial court did not err in admitting evidence that Appellant violated parole, in finding the enhancement paragraph alleging he had been convicted in cause number 7-94-641 to be true, or in assessing court costs against Appellant. Accordingly, we ***affirm*** the trial court's judgments.

SAM GRIFFITH
Justice

Opinion delivered February 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2014**

**NO. 12-12-00327-CR**

**NEHEMIAH STEELE, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1590-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2014**

**NO. 12-12-00328-CR**

**NEHEMIAH STEELE, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1591-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*