HERMAN SIGLER V. THE STATE.

No. 21820. Delivered December 3, 1941.
Motion for Rehearing Overruled (Without Written
Opinion) January 28, 1942.

The opinion states the case.

*Wade & Duke,* of Dallas  (*Jno. A. Ballowe,* of Dallas, on appeal) for appellant.

*Fred Erisman,* Criminal District Attorney,  of Longview,

and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with theft of property over the value of $50.00, and in response to certain allegations of the former convictions for a felony, he was sentenced to imprisonment for life in the State penitentiary.

We are of the opinion, without reviewing the same, that the testimony sufficiently shows the guilt of appellant of the alleged theft herein charged. The crux of this appeal, however, being found in the following facts:

There was an allegation contained in this present indictment that appellant had been heretofore twice convicted of an offense of the grade of a felony, and such allegation was found to be true, the punishment herein being for a life term in prison.

Appellant filed a plea of former jeopardy, alleging that he had formerly been tried and acquitted for a burglary of the filling station of L. C. Polk, it being the same man and place from whom he was herein charged with having committed the felony theft, and that therefore he was again being put in jeopardy for an offense for the commission of which he had been duly and legally acquitted.

Burglary and theft growing out of the same transaction, being separate and distinct offenses, an acquittal of the burglary will not bar a subsequent prosecution for the theft. The decisions supporting this doctrine, which is based on a statute, are numerous and will be found in the annotations under Arts. 1399 and 1400, Vernon's Annotated Penal Code, Vol. 3.

The real matter at issue herein, however, arises out of the following facts:

"The appellant, Herman Sigler, was twice before convicted of a felony, to-wit, in 1934 in Kaufman County, and again in 1938 in Kaufman County, Texas. He served these two sentences in the penitentiary. After serving these two sentences, he was thereafter tried on a charge of theft in Bexar County, Texas, the indictment in that case charging him of having twice theretofore been convicted of a felony less than capital, for the

purpose of enhancing his punishment. The jury found him guilty and assessed his punishment at ten years in the penitentiary, ignoring the enhancement of punishment, as submitted in the court's charge. In the instant case this is urged as being tantamount to being an acquittal and therefore constitutes former jeopardy, and it is urged that he cannot again be tried under the habitual criminal act, based upon these two previous convictions in Kaufman County."

It appears from the record that in the Bexar County case against appellant the State alleged prior felony convictions against appellant, and thereby asked for a finding thereon in order to enhance the punishment in the event of a conviction, but it is evident also from the record that the trial jury did not utilize such prior convictions, the punishment therein assessed being ten years in the penitentiary. See Sigler v. State, 139 Tex. Cr. R. 167, 139 S. W. (2d) 277. It was further shown that the appellant has been acquitted of the offense of a burglary of the house from which he is herein alleged to have stolen the property mentioned in the indictment. That the indictment under which the acquittal was had contained further allegations setting forth the former convictions of a felonious nature, but upon request of appellant's attorneys the then district judge refused to submit the allegations relative to an enhanced punishment, although same were contained in such indictment.

The question here arises can the introduction of former offenses, where same have been unsuccessfully offered in prior trials, be again offered and used until same have been accepted by the jury?

We have heretofore held that such prior offenses can be successfully used but once because of the fact, among other reasons, that the statute permitting such use is of a reformative nature. What that means the writer confesses his inability to know, especially where the additional offenses are more than one, and the necessary punishment a life time imprisonment, but be that as it may, we have been furnished with exhaustive briefs and argument by both sides to this question, and find ourselves with no well defined authority in this State on this matter. We do think that such enhancement allegations are no part of the substantive offense, but are merely a guide for the court or the jury in affixing the final punishment in the event of a present conviction. It is no part of the charged theft, and

no proof of another and different offense is needed nor permitted; it is but an historical fact to show the persistence of the accused, and the futility of ordinary measures of .punishment as related to him. The accused is not again placed in jeopardy nor punished for the prior offenses, nor is there created new offenses, but such are merely offered for the purpose of arriving at the punishment to be assessed in the present case.

24 Corpus Juris Secundum, p. 1143, says:

"However, statutes authorizing a more severe penalty to be inflicted on one who is a persistent offender do not create an offense, nor inflict additional punishment for the prior offense, nor. do they authorize a conviction on a charge of being an habitual criminal; they merely prescribe punishment for the subsequent offense which is to be more severe, because the offender's persistence in the perpetration of crime evinces a depravity which merits greater punishment."

Suppose no proof was offered of the offense of theft over the value of $50.00 as charged in this indictment, but proof was offered relative to the fact of the prior convictions, and appellant's identity and connection therewith established, could it be contended that such proffered prior convictions alone had established guilt for the herein charged theft? We think not; and we also therefore think that such prior offenses are not a part of the substantive offense of theft, but merely enter into the problem of fixing the punishment, provided guilt is satisfactorily shown to the jury in the present charge of theft. The only special pleas, such as former jeopardy, which can be heard for the defendant are:

"1. That he has been convicted legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense.

"2. That he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular." Art. 508, C. C. P.

The only matters that we here find present that were present in any other case against this appellant was the presentation of the former convictions in the Bexar County case, which allegations were not used by the jury in affixing the penalty in that

case, and which case was improperly tried, so this court said, and therefore in such case appellant has not been legally tried. Of course it is not contended that the facts upon which the Bexar County case was based are the same as the herein charged theft, and we think that for that reason also jeopardy in this offense should not attach. It is said in 12 Tex. Jur., p. 554:

"Before an accused can interpose the defense of former jeopardy the former trial must have been upon the same identical criminal act for which the state is again seeking to prosecute him. This is also the rule as to the defense of former conviction, and former acquittal. The crime must be the same in both cases though the pleadings differ in immaterial circumstances. The same offense means the identical criminal act or omission; not the same offense eo nomine, or one of the same nature."

We do not find any Texas cases that bear directly in point on this question. We do have our attention called to a case by the Supreme Court of Kansas, State v. Schmidt, 140 Pac. Rep. 843, in which the accused was tried as a persistent offender in 1912, and a prior conviction in 1905 was attempted to be utilized in order to enhance the punishment. At such time Schmidt was acquitted and of course no enhanced punishment was inflicted. Again in 1913 Schmidt was presented for trial, and again, among others, the offense of 1905 was alleged in order to show his persistency and to enhance his punishment. In such latter case he pleaded that it was improper to include therein the offense of 1905, he having been once placed in jeopardy therefor, and had been awarded an acquittal thereon,— same having been once unsuccessfully used in an effort to enhance his punishment. That court held:

"The conviction in 1905 is the only element the two informations have in common. They relate to separate crimes. The issues are not identical. Neither offense includes the other offense. In each information an act which constitutes an indispensable element of the crime is necessary to conviction which is different from any act necessary to conviction under the other. All the evidence necessary to prove the first charge would not establish the second, and all the evidence necessary to prove the second charge would not establish the other. * * * The doctrine of res judicata does not apply in criminal cases to particular facts in issue, as, for example, to the conviction in 1905, as it frequently does in civil cases. * * *

"In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is the identity of offenses, and it is not decisive that the two offenses may have some material fact in common. Quoting Lord Denman in Regina v. Button, 11 Ad & Ellis, New Series, 946: * * *."

Again the Supreme Court of Kansas said in the case of State v. Cassady, 246 Pac. Rep. 508, in the syllabus by the court:

"The rule is followed that an acquittal on the charge of the sale of liquor as a second offense does not prevent the use of the same prior conviction as a basis (in conjunction with a different alleged second offense) for a later prosecution as a persistent violator."

In the case of Long v. State, 36 Tex. Rep., p. 13, it being one of early impression in this State, there is quoted the following:

"Lord Campbell, C. J., in an English case, observed: 'A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact.' (Regina v. Clark, Dears, 198 and 201.)" and we might add: to be used in affixing the punishment.

We think that the allegations relative to previous convictions were not any element of the substantive offense charged, either in the Bexar County case, or in the present case, but merely an effort upon the pleader to have determined a more than ordinary provided penalty for an infraction of the statute in Bexar County, and upon the failure of the jury in Bexar County to favorably respond to such effort, such an endeavor was not successfully used as attempted.

In line with the above reasoning, we hold that the State had a right to attempt to use such prior convictions in the present case, and that no jeopardy arose herein because of the unsuccessful attempt to use such prior convictions in the Bexar County trial. We express no opinion at this time relative to the proposition that had such former convictions been successfully used in the trial in Bexar County, and through the vagaries of chance appellant had become enlarged from his

confinement and again placed upon trial with such prior convictions again alleged, but are merely passing upon such an unsuccessful use thereof.

We have examined the remaining bills of exception and do not think any error is evidenced therein. Relative to bill No. 3, it is shown that appellant asked for additional time in which to offer testimony of an alibi, and being granted such time from the afternoon adjournment of court until 9 o'clock the next morning, at which time he asked for no more additional time, but, according to the qualification to the bill, he announced his readiness to proceed. Under such circumstances we see no error evidenced in such bill.

We see no error evidenced in the record.

The judgment is affirmed.