The STATE of Texas, Appellant

v.

Phillip Wayne KERSH, Appellee.

No. 1868–99.

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 2004.

Stephen Morris, Houston, for appellant.

Dan McCrory, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

This case presents the issue of whether the court of appeals erred in taking jurisdiction of an appeal by the State. Specifically, we must decide whether the State may appeal a trial court's decision to ignore enhancement allegations that previously have been found to be true when assessing punishment at an adjudication hearing. The answer to this question depends upon whether such a decision is part of the "sentence" under Code of Criminal Procedure articles 42.02 and 44.01(b). Because the meaning of "sentence" under these articles includes enhancement allegations, we hold that the State may appeal a trial court's failure to consider them and that the court of appeals did not err in taking jurisdiction of the State's appeal in this case.

The appellant was charged with felony possession of a controlled substance. The indictment included two enhancement paragraphs that alleged previous felony convictions. The appellant pleaded guilty to the charged offense and true to the enhancement allegations. The trial court admonished him that the range of punishment was twenty-five years to life or ninety-nine years, based on the appellant's plea of true to the enhancement paragraphs. The court accepted the appellant's guilty plea, found the enhancement paragraphs to be true, but deferred an adjudication of guilt. The court placed the appellant on community supervision for ten years. Four years later, alleging violations of several terms of the probation, the State moved to adjudicate the appellant's guilt. Finding that the appellant had violated the terms of his probation, the trial court granted the State's motion to adjudicate and found him guilty of the original offense. The court sentenced the appellant to ten years' confinement, but did not take into account the enhancement allegations for which a finding of true had been made in the original proceeding.

The State appealed, complaining that the court erred by not considering the enhancement paragraphs and by failing to sentence the appellant pursuant to the habitual-offender provisions in Penal Code section 12.42(d). The State argued that under section 12.42(d), the appellant's two previous final felony convictions, the second felony offense having occurred after the first conviction was final, required that he receive a sentence of 25 years to life imprisonment.[1] The court of appeals re-

---

1. "If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred

versed the trial court's judgment, and held that the trial court had sentenced the appellant outside the range of punishment for a felony committed by a habitual offender by ignoring the previously found enhancement allegations.[2] We granted review to determine whether the court of appeals erred in taking jurisdiction of the State's appeal. Our review is limited to the jurisdictional questions. We express no opinion as to the legality of the sentence imposed.

█ Code of Criminal Procedure article 44.01(b) gives the State the right "to appeal a sentence in a case on the ground that the sentence is illegal." Article 42.02 provides: "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." In *State v. Ross*,[3] we explained that the sentence "is nothing more than the portion of the judgment setting out the terms of punishment."[4] It consists of the *facts* of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of the fine, if any.[5] Factors that merely *affect* these facts are not part of the sentence.[6] We also noted that article 42.01 sets forth the elements of a proper judgment, and that deadly-weapon findings are "listed separately from the portions regarding the sentence."[7] For these reasons, we held that a deadly-weapon finding is not part of the sentence, and that, therefore, the State is not entitled to appeal an omission of one from a trial court's judgment.[8]

Enhancement findings, however, differ from a deadly-weapon finding in two important respects. First, enhancements are not explicitly mentioned in article 42.01.

The second important distinction between a deadly-weapon finding and enhancements appears upon examination of Chapter 12 of the Penal Code. Under *Ross,* the assessment of punishment within a particular range is part of the sentence.[9] Chapter 12 of the Penal Code provides the punishment ranges for offenses, and includes the ranges for habitual and repeat offenders.[10] The duration of punishments prescribed for habitual and repeat offenders is part of the sentence just as is the duration of punishments prescribed for the other types of offenses addressed in Chapter 12. Deadly-weapon findings under article 42.12 do not appear in Chapter 12, we consider them to be included in the facts pertaining to the proper punishment and the term of confinement,[11] as they only *affect* the duration of the sentence. The

---

subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." TEX. PENAL CODE § 12.42(d).

2. *State v. Kersh,* 2 S.W.3d 636, 638 (Tex.App.-Houston [14th Dist.] 1999).

3. 953 S.W.2d 748, 750 (Tex.Cr.App.1997).

4. *Id.,* at 750.

5. *See* TEX.CODE CRIM. PROC. art. 42.01, § 1(9).

6. *Ross,* 953 S.W.2d, at 751.

7. *Id.* (citing *Marshall v. State,* 860 S.W.2d 142, 143 (Tex.App.-Dallas 1993)).

8. *Id.*

9. *See Ross,* 953 S.W.2d, at 751 (holding that the duration of the punishment is part of the sentence).

10. See TEX. PENAL CODE § 12.42.

11. We recognize that section 12.35(c)(1) enhances the punishment for a state-jail felony in which a deadly weapon was used or exhibited in its commission to that of a third-degree felony. The deadly-weapon findings

legislature's decision to prescribe the punishments for exceptional sentences and those for ordinary sentences in the same explicit manner supports the conclusion that both are included in the meaning of "sentence" under article 42.02.

Furthermore, in *Sigler v. State*,[12] we held that proven enhancement allegations are historical facts, "offered for the purpose of arriving at the punishment to be assessed."[13] Such facts are the type of information to which *Ross* held the article 42.02 definition of sentence was limited, for they prescribe the proper term of confinement.[14]

■ For the above reasons, we hold that enhancement findings are part of the sentence, and that the State may appeal a trial court's failure to consider such findings when assessing punishment.

Therefore, the court of appeals properly took jurisdiction of the State's appeal in this case. The court of appeals' judgment is affirmed.

HOLCOMB, J., filed a dissenting opinion.

HOLCOMB, J., filed a dissenting opinion.

I respectfully dissent. Although I agree with the majority that the court of appeals

did not err in taking jurisdiction of the State's appeal, I conclude that the court of appeals erred when it held that the trial court assessed an illegal sentence.

I begin my discussion with a review of the relevant facts: On March 28, 1994, a Harris County grand jury returned an indictment charging appellee, Phillip Wayne Kersh, with possession of less than 28 grams of methamphetamine, a controlled substance. At that time, possession of less than 28 grams of methamphetamine was a felony of the second degree under Texas Health and Safety Code § 481.112. The grand jury also alleged, for purposes of punishment enhancement, that appellee had two prior felony convictions, one for burglary of a building and one for possession of methamphetamine.[1]

On July 27, 1994, appellee, after being admonished as to the applicable range of punishment, pled guilty to the offense charged and pled "true" to the punishment enhancement allegations. The trial court found the State's evidence sufficient to substantiate appellee's guilt of the offense charged, but the court deferred an actual finding of guilt and placed appellee on probation for ten years. See Tex.Code Crim. Proc. art. 42.12, § 5(a). The trial

---

that were at issue in *Ross,* however, were those that were found pursuant to article 42.12, not those that operate pursuant to section 12.35(c)(1), and therefore are not separate from the sentence in article 42.01.

**12.** 143 Tex.Crim. 220, 157 S.W.2d 903 (1941).

**13.** *Id.,* at 224, 157 S.W.2d, at 904–05 (citing 24 C.J.S. *Criminal Law* § 1958, at 1143).

**14.** *See* TEX.CODE CRIM. PROC. art. 42.01, § 1(19).

**1.** At the time of the offense, Texas Penal Code § 12.33(a) provided:

An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of

Corrections for any term of not more than 20 years or less than 2 years.

However, Texas Penal Code § 12.42(d) provided:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

court also found the punishment enhancement allegations to be true.

On January 12, 1998, the State filed a motion to revoke appellee's probation and proceed with an adjudication of his guilt. The State's motion alleged, in relevant part, that appellee violated the terms of his probation by "failing to obtain prior permission from the court ... before changing his place of residence" and by failing to attend an alcohol and drug abuse treatment program.

On June 26, 1998, the trial court held a hearing on the State's motion to revoke. At that hearing, the following colloquy occurred:

The Court: First of all, let's discuss the habitual standing at this time. [Mr. Prosecutor], you may proceed as far as the State's—

Prosecutor: Yes. We would ask the Court to take judicial notice of the Court's file and all the papers contained in the file, including the plea papers and the admonishments. We would show the Court that on the date of the original plea, when the defendant was granted deferred adjudication, he was admonished on the range of punishment, that being 25 years to 99 years or life as a habitual.

We would further show that the defendant pled true to two enhancement paragraphs and that those enhancement paragraphs were found to be true by the Court at that time. Therefore, Judge, we would ask the Court to sentence the defendant to some period of prison time between 25 years and 99 years or life.

Thank you.

The Court: Do you have any response, [Defense Counsel]?

Defense Counsel: Judge, I don't disagree with the factual allegations that the State has made. But, the very terms of Article 42.12 [of the Texas Code of Criminal Procedure], it says in chronological order under Section 5 that the judge may, after receiving a plea of guilty or *nolo contendere*, hearing the evidence and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on community supervision [*i.e.,* probation].

It doesn't give any statutory authority for the Court to defer findings of true or pleas of true. I'm saying that it gives the Court the authority to defer a finding of guilt and then when it revokes— or whatever—adjudicates guilt, to sentence for the offense that he put the defendant on deferred adjudication for, so that the range of punishment in this case should be two and twenty.

The Court: The Court agrees. The Court will use the range of punishment between two and twenty years. The Court will not consider the enhancement paragraphs in this case.

Prosecutor: Just for the record, Your Honor, we would respectfully object on the basis that any sentence below 25 years would be an illegal sentence, and we would ask the Court to sentence him between 25 years and life.

The Court: That will be overruled.

Shortly thereafter, appellee pled "true" to the allegations in the State's motion, and the trial court found the allegations to be true.[2] The trial court then proceeded to find appellee guilty of the offense originally charged—possession of less than 28

---

**2.** Notably, appellee did not renew his previous pleas of "true" to the punishment en-

hancement allegations.

grams of methamphetamine—and sentenced him to imprisonment for ten years.

On July 24, 1998, the trial court entered the following conclusions of law into the record:

"1. That the defendant's prior plea [of true] and the Court's prior finding of true are void, because a finding of true or not true is premature where a finding of guilt is deferred and a defendant is placed on probation.

"2. That the Trial Court was prevented from making a subsequent finding of true because there is no mechanism for deferring a finding of true or not true on enhancement paragraphs where the Court has determined to defer an adjudication of guilt and place the defendant on probation.

"The Court therefore finds that defendant's conviction for possession of methamphetamine cannot be enhanced, and that the range of punishment for this primary offense is two to twenty years."

The State appealed under Article 44.01(b) of the Texas Code of Criminal Procedure, arguing that "[t]he trial court erred in sentencing Appellee [within] an unenhanced range of punishment." The Fourteenth Court of Appeals agreed, explaining that, "[a]fter [a defendant] enters a guilty plea, the trial becomes a unitary proceeding," and, therefore, "it is illogical to say that a trial court can defer judgment on guilt but not defer a finding on an enhancement provision." *State v. Kersh*, 2 S.W.3d 636, 638 (Tex.App.-Houston [14th Dist.] 1999). Justice Wittig argued in dissent that the State's appeal should be dismissed for want of jurisdiction. *Id.* at 638–640 (Wittig, J., dissenting).

Appellee subsequently filed a petition for discretionary review, in which he argued that (1) the court of appeals erred in taking jurisdiction of the State's appeal and (2) the trial court acted within its discretion when it refused to consider appellee's pleas of "true" to the punishment enhancement allegations. We granted appellee's petition to determine whether the court of appeals erred.

I agree with appellee that his sentence was not illegal. My conclusion is based on two considerations. First, in my view, the trial judge in this case—the Honorable Michael T. McSpadden, a seasoned jurist—had the inherent authority to refuse, in the interests of justice, to consider appellee's pleas of "true" to the punishment enhancement allegations.[3] Judge McSpadden could have reasonably concluded that the punishment range for an habitual offender—25 to 99 years or life—was inappropriate in appellee's case, since his offense (possession of a small quantity of methamphetamine) and his previous offenses (burglary of a building, possession of methamphetamine) were all non-violent and his violations of the terms of his probation were relatively minor (failing to get permission before changing residence, failing to attend a drug treatment program).

Second, I agree with the trial court that its original finding of "true" to the punishment enhancement allegations, a finding which is reflected in the record, was premature, because at the time the trial court made that finding, it had not yet adjudicated appellee guilty of the primary offense. Stated another way, punishment enhancement provisions only come into play *after* a finding of guilt. While, in my view, Judge McSpadden could have utilized the punishment enhancement paragraphs at the adju-

---

**3.** This authority is analogous to a jury's unquestioned authority to refuse, in the interest of justice, to consider evidence of guilt.

dication hearing based upon appellee's previous pleas of "true," Judge McSpadden was not required by law to do so.

For these reasons, I would reverse the judgment of the court of appeals and affirm the judgment of the trial court.