COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

THE STATE OF TEXAS,                                   )
) No. 08-02-00383-CR
                                    Appellant,                        )
) Appeal from the
v.                                                                          )
) 383rd District Court
JAMES CROOK,                                                )
) of El Paso County, Texas
                                    Appellee.                          )
) (TC# 20010D03480)
)


OPINION ON REMAND

            James Crook was convicted of thirteen counts of barratry. The jury assessed punishment
at 10 years’ confinement with a recommendation of community supervision, and a $10,000 fine
on each count. In its final judgment, the trial court ordered that the periods of confinement,
periods of probation, and the fines were to run concurrently and assessed punishment at 10 years’
confinement, probated for 7 years, and a $10,000 fine.
            On appeal, the State raised a single issue arguing that Appellee’s sentence was illegal as a
result of the trial court’s failure to cumulate Appellee’s fines. Appellee argued that this Court
was without jurisdiction to consider the State’s Appeal. We overruled the State’s issue and
affirmed the judgment of the trial court. See State v. Crook, No. 08-02-00383-CR, 2005 WL
1536230 (Tex.App.--El Paso June 30, 2005)(not designated for publication). The State then filed
a petition for discretionary review. Appellee also filed a petition for discretionary review
alleging, in part, that we failed to consider his jurisdictional complaint.
            The Court of Criminal Appeals granted Appellee’s petition and remanded the case for
consideration of Appellee’s argument challenging this Court’s jurisdiction. See Crook v. State,
No. PD-1160-05, 2006 WL 234881, *1 (Tex.Crim.App. Feb. 1, 2006)(not designated for
publication). Both Appellee’s remaining ground for review and the State’s petition were refused
without prejudice. Id. The case is now before us on remand. We affirm.
            The only issue here is whether this Court had jurisdiction to consider the State’s argument
on appeal that the trial court entered an illegal sentence when it ordered Appellee’s fines to run
consecutive rather than cumulative. See id. Appellee argues this Court does not have
jurisdiction to consider the State’s appeal because “whether fines are concurrent or cumulated is
not a ‘sentence’ within the meaning of Article 44.01(b) of the Code of Criminal Procedure . . . .” 
We must disagree.
            The State is entitled to appeal a sentence on the ground that the sentence is illegal. 
Tex.Code Crim.Proc.Ann. art. 44.01(b)(Vernon Supp. 2006). A “sentence” is that portion of
the judgment ordering that the punishment be carried into execution in the manner prescribed by
law. Tex.Code Crim.Proc.Ann. art. 42.02 (Vernon Supp. 2006). The jurisdictional question in
this case is determined solely by whether the State is appealing Appellee’s sentence and not
something else. State v. Ross, 953 S.W.2d 748, 750 (Tex.Crim.App. 1997). Appellant contends
that a sentence includes only the “terms of punishment” and “terms of punishment” is defined as
the range of punishment found in the penal code. We agree that a sentence includes the terms of
punishment. Ross, 953 S.W.2d at 750. However, a sentence also includes the facts constituting
the punishment. Ross, 953 S.W.2d at 750.
            The Court of Criminal Appeals recently clarified its holding in Ross. See State v. Kersh,
127 S.W.3d 775, 777 (Tex.Crim.App. 2004). As the Court indicated, “[i]n State v. Ross, we
explained that the sentence ‘is nothing more than the portion of the judgment setting out the
terms of punishment.’ It consists of the facts of the punishment itself, including the date of
commencement of the sentence, its duration, and the concurrent or cumulative nature of the term
of confinement and the amount of the fine, if any.” Kersh, 127 S.W.3d at 777, citing Tex.Code
Crim.Proc.Ann. art. 42.01, § 1(9). [Emphasis in original].
            Accordingly, because a “sentence” includes facts of punishment such as the concurrent or
cumulative nature of the punishment and the State appealed Appellant’s sentence on the ground
that it was illegal, this Court had jurisdiction over the State’s complaint. See Kersh, 127 S.W.3d
at 777. Issue One is overruled.
            We affirm the trial court’s judgment.




November 9, 2006
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)