**Affirmed as Modified and Opinion Filed May 20, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-00556-CR**
**No. 05-20-00602-CR**
_____

**RICHARD CLAUDE BLAIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1941136-S and F-1941137-S**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

Appellant Richard Claude Blais appeals his convictions for intoxication assault causing serious bodily injury and failure to stop and render aid. Blais's appellate counsel has filed an *Anders* brief in which she concludes the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). In response, the State asserts two cross-points and requests modification of the judgments to correct certain clerical errors. We affirm the judgments as modified.

## *ANDERS* ANALYSIS

Blais was indicted and charged on one count of intoxication assault causing serious bodily injury and one count of failure to stop and render aid. The indictment charging intoxication assault (cause number F-1941136-S) included two paragraphs each titled "Enhancements." The first of those paragraphs alleged Blais used or exhibited a deadly weapon, a motor vehicle, during the offense. The second of those paragraphs set out an enhancement for a 2007 conviction of aggravated assault in Rockwall County, Texas. The indictment charging failure to stop and render aid (cause number F-1941137-S) included only one paragraph titled "Enhancements," which set out the enhancement for the 2007 conviction of aggravated assault. The indictment in cause number F-1941137-S did not include a paragraph regarding use of a deadly weapon.

Blais entered an open plea of guilty to both charged offenses and a plea of true to the enhancement paragraphs in both causes regarding his prior felony conviction. Blais plead not true to the allegation that he used or exhibited a deadly weapon.

At the punishment hearing, the trial court admonished Blais regarding the consequences of his plea and admitted Blais's signed judicial confessions and waivers in each case. The State and the defense then presented evidence to the court. At the conclusion of the hearing, after the court considered the evidence presented, the trial court found Blais guilty in both cases and sentenced him to ten years'

confinement in each case to be served concurrently. Blais timely appealed both convictions.

On appeal, Blais's counsel filed a brief in which she concludes the appeal is frivolous and without merit. As required, Blais's counsel also moved for leave to withdraw and provided Blais with a copy of the motion and the brief. *See In re Schulman*, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion to withdraw as counsel for consideration with the merits of the appeal. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to Blais, and we advised Blais of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel). Blais did not file a pro se response.

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We conclude the brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

## STATE'S CROSS-POINTS

The State asserts two cross-points in which the State requests modification of the judgment to correct clerical errors in the trial court's judgments. The State first asserts that (1) the intoxication assault judgment in cause number F-1941136-S should be modified to reflect the trial court's deadly weapon finding, and (2) both judgments should be modified to reflect that only one prior felony was used to enhance the sentences. Next, the State asks the Court to delete the award of court costs from the judgment for failing to render aid in cause number F-1941137-S because the costs award in that case is duplicative of the costs awarded in the other judgment and both matters arose out of a single criminal action.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc); *Ray v. State*, No. 05-17-00820, 2018 WL 1149421, at *2 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal). The record supports the requested modifications and we, therefore, agree with the State that the judgments need to be corrected.

First, the record shows that the trial court made an affirmative deadly weapon finding as to the intoxication assault conviction in cause number F-1941136-S. The judgment in that case, however, lists "N/A" under "Findings on Deadly Weapon."

–4–

The judgment should be modified to reflect the deadly weapon finding. Accordingly, we modify the trial court's judgment in cause number F-1941136-S to replace "N/A" under "Findings on Deadly Weapon" with "Yes – A motor vehicle."

The State also notes that both judgments include notations indicating that the indictments included two enhancement paragraphs. Specifically, both judgments state that Blais pleaded true to the "2nd Enhancement Paragraph" and that the second enhancement paragraph was found true. The judgment in cause number F-1941136-S also states that Blais pleaded true to the "1st Enhancement Paragraph" and that the first enhancement paragraph was found true. The judgment in cause number F-1941137-S lists "N/A" in the spaces next to "1st Enhancement Paragraph" and "Finding on 1st Enhancement Paragraph."

Although the indictment in cause number F-1941136-S lists the deadly weapon allegation within a paragraph titled "Enhancements," the deadly weapon finding is different from an enhancement finding. *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004) (enhancement findings differ from a deadly-weapon finding because "enhancements are not explicitly mentioned in article 42.01" and deadly-weapon findings only affect the duration of the sentence as they are "included in the facts pertaining to the proper punishment and the term of confinement."); *Asberry*, 813 S.W.2d at 529 (noting that a jury's deadly-weapon finding is an affirmative finding affecting parole eligibility and involving punishment that shall be entered in the judgment). The record reflects that in cause number F-1941136-S

Blais pleaded not true to the deadly weapon issue and true to the enhancement paragraph concerning the 2007 conviction for aggravated assault. The record further reflects the trial court made an affirmative deadly-weapon finding in that case. Because the issue of the deadly weapon was submitted as a special issue rather than an enhancement, the trial court's affirmative deadly weapon finding should not be listed as the first enhancement paragraph. TEX. CODE CRIM. PROC. arts 42.01(1)(21), 42A.054(c); *Arrington v. State*, No. 05-17-01194-CR, 2018 WL 6333253, at *5 (Tex. App.—Dallas Nov. 29, 2018, no pet.) (mem. op., not designated for publication) ("the jury's affirmative deadly weapon finding should be reflected on the judgment solely through the separate notation titled 'Findings on Deadly Weapon'—it should not also be listed as the first enhancement paragraph."). Moreover, because the question of whether appellant exhibited a deadly weapon during the offense was presented as a special issue, Blais's plea of true to the prior conviction of aggravated assault became a plea to the sole enhancement paragraph at the time of judgment. *See Arrington*, 2018 WL 6333253, at *5. The record, therefore, confirms that the only enhancement asserted against Blais was a single, felony conviction in 2007 in Rockwall County. That prior conviction was asserted as an enhancement in both indictments. As the only enhancement in the indictments, the 2007 felony is necessarily the first enhancement paragraph in each indictment. As such, the judgments' references to a second enhancement paragraph are erroneous.

We, therefore, modify the judgment in cause number F-1941136-S by replacing the language "PLEADED TRUE" and "FOUND TRUE" in the spaces next to "2nd Enhancement Paragraph" and "Finding on 2nd Enhancement Paragraph" with "N/A." We similarly reform the judgment in cause number F-1941137-S as follows: (1) replacing the language "N/A" in the space next to "1st Enhancement Paragraph" with "PLEADED TRUE," (2) replacing the language "N/A" in the space next to "Finding on 1st Enhancement Paragraph" with "FOUND TRUE," and (3) replacing the language "PLEADED TRUE" and "FOUND TRUE" in the spaces next to "2nd Enhancement Paragraph" and "Finding on 2nd Enhancement Paragraph" with "N/A."

In its second cross-point, the State asks the Court to modify the judgment in cause number F-1941137-S by deleting the award of $290 in court costs listed in that judgment. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). "For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a 'single criminal action.'" *Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). When two or more convictions arise from a single criminal action, "each court cost or fee the amount

–7–

of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(b). A claim challenging the bases of assessed court costs can be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *see also Burton*, 2019 WL 3543580, at *3.

The record shows the trial court assessed court costs of $390 in cause number F-1941136-S and court costs of $290 in cause number F-1941137-S even though the cases were tried together. A review of the "Criminal Court Fee Docket" sheet for each case shows that the fees charged in trial court cause number F-1941137-S were also assessed in trial court cause number F-1941136-S. The record, therefore, shows that $290 of these costs are duplicative. We sustain the State's second cross-point and modify the judgment in trial court cause number F-1941137-S to delete the $290 in court costs.

As modified, we affirm the trial court's judgments in cause numbers F-1941136-S and F-1941137-S.

## CONCLUSION

Having modified the judgments to correct the clerical errors identified by the State, and having reviewed the record, we agree with appellant's counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe*, 178 S.W.3d at 827–28; *see*

*also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, and affirm the trial court's judgment as modified. TEX. R. APP. P. 43.2(a), (b)

 /Robbie Partida-Kipness/ 
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b)

200556F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD CLAUDE BLAIS,
Appellant

No. 05-20-00556-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1941136-S. Opinion delivered by Justice Partida-Kipness. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- We modify the trial court's judgment in cause number F-1941136-S to replace "N/A" under "Findings on Deadly Weapon" with "Yes – A motor vehicle."

- We modify the judgment in cause number F-1941136-S by replacing the language "PLEADED TRUE" and "FOUND TRUE" in the spaces next to "2nd Enhancement Paragraph" and "Finding on 2nd Enhancement Paragraph" with "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of May 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD CLAUDE BLAIS,
Appellant

No. 05-20-00602-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1941137-S.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

- We modify the judgment in cause number F-1941137-S as follows: (1) replacing the language "N/A" in the space next to "1st Enhancement Paragraph" with "PLEADED TRUE," (2) replacing the language "N/A" in the space next to "Finding on 1st Enhancement Paragraph" with "FOUND TRUE," and (3) replacing the language "PLEADED TRUE" and "FOUND TRUE" in the spaces next to "2nd Enhancement Paragraph" and "Finding on 2nd Enhancement Paragraph" with "N/A."

- We modify the judgment in trial court cause number F-1941137-S to delete the $290 in court costs.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 20th day of May 2021.