

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0848-20

### STOYAN K. ANASTASSOV, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

SLAUGHTER, J., delivered the opinion for a unanimous Court. YEARY, J., filed a concurring opinion.

### **O P I N I O N**

If a defendant is convicted of multiple offenses stemming from the same criminal episode in a single proceeding, the trial court imposes fines as part of the sentence for each offense, and the sentences are to be discharged concurrently, how should the concurrent fines be reflected in the judgments? Should each judgment include the fine actually

imposed, or should only one of the judgments include a fine to ensure that the defendant pays only once? The answer is that each judgment must include the fine actually imposed. This is because where a fine is part of the lawfully-assessed punishment, it must be included in the written judgment, and a court lacks authority to delete such punishment absent some illegality. Therefore, the court of appeals erred here by deleting one of Appellant's two lawfully-assessed concurrent fines of $10,000 for his indecency-with-a-child convictions under the mistaken belief that including both fines in the judgments would improperly indicate that they were to be stacked. Contrary to the court of appeals' understanding, the written judgments correctly reflected that Appellant's sentences (including the fines) were to be discharged concurrently, such that there was no error in the judgments in need of correction. Accordingly, we reverse the portion of the court of appeals' judgment deleting the fine in case number F-1550350-V, and we reinstate the $10,000 fine that the trial court originally included in the written judgment for that offense. We otherwise affirm the court of appeals' judgment.

## I.     Background

In separate indictments, a grand jury charged Appellant with two instances of second-degree-felony indecency with a child by sexual contact.[1] The indictments alleged that Appellant, a professional tennis coach, unlawfully engaged in sexual contact with one of his female students, a child younger than seventeen years old, with the intent to arouse and gratify his sexual desire by contacting her genitalia (Case No. F15-50349-V) and her breast (Case No. F15-50350-V) with his hand. Both offenses were alleged to have occurred

---

[1] *See* TEX. PENAL CODE § 21.11(a)(1), (d).

on or about December 24, 2011. Appellant pleaded not guilty to both charges, and the two cases were tried together in a single proceeding. The jury found Appellant guilty of the offenses alleged and assessed his punishment at confinement for nine years on one charge, three years on the other, and a $10,000 fine in each case. The trial court accepted the jury's verdicts and sentenced Appellant accordingly.

During its oral pronouncement of sentence for the first charge, the trial court specified that Appellant would be "confined for a period of nine years and pay a fine of $10,000." The court further stated that that "sentence would begin[] today." The court's pronouncement for the second offense was almost identical, except that it sentenced Appellant to three years' confinement. It again instructed, "The sentence will begin today . . . ." Thus, based on the trial court's oral pronouncement, Appellant's sentences were to run concurrently. The written judgments likewise contain a notation that Appellant's "sentence[s] shall run concurrent [sic]."

On direct appeal, the Fifth Court of Appeals overruled each of Appellant's points of error, sustained the State's cross-issue, and affirmed Appellant's convictions. *Anastassov v. State*, Nos. 05-19-00396-CR, 05-19-00397-CR, 2020 WL 4669880, at *1 (Tex. App.—Dallas Aug. 12, 2020).[2] But the court then *sua sponte* raised an issue pertaining to the imposition of the two $10,000 fines in the judgments. *Id.* at *10. The court of appeals determined that the imposition of duplicate fines "was inconsistent with various statutes

---

[2] In its cross-issue, the State asked the court of appeals to modify the judgments to reflect that Appellant is required to register as a sex offender. The court of appeals sustained this issue and modified the judgments accordingly. *Anastassov*, 2020 WL 4669880, at *10.

governing multiple offenses tried together in a single proceeding" and would amount to an "illegal sentence" in one of the cases. *Id.*[3]

Specifically, the court observed that Appellant received concurrent sentences under Penal Code Section 3.03(a) for offenses arising from the same criminal episode tried in a single proceeding. *Id.* at *11.[4] The court reasoned that, because Section 3.03(a)'s

---

[3] The court of appeals also addressed the imposition of $599 in court costs in each case. As with the identical fines, the court concluded that the imposition of court costs in both cases was improper, and it deleted the $599 in court costs from the judgment in this case. *Anastassov*, 2020 WL 4669880, at *10-11 (discussing TEX. CODE CRIM. PROC. art. 102.073(a) (providing that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant")). We understand the State's petition for discretionary review to challenge only the court of appeals' deletion of the $10,000 fine from the judgment and not its deletion of the $599 in court costs. Therefore, we do not consider the propriety of the court of appeals' holding with respect to court costs in this opinion.

[4] Penal Code Section 3.03 provides in relevant part,

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

>> (2) an offense:

>>> (A) . . . under [Section . . . 21.11, indecency with a child], committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section[.]

TEX. PENAL CODE § 3.03(a), (b)(2)(A). The court of appeals noted that, although Subsection (b) would have authorized consecutive sentences under these circumstances, the trial court did not impose consecutive sentences and instead ordered the sentences to run concurrently. *Anastassov*, 2020 WL 4669880, at *11 (noting that while Section 3.03(b) "would have allowed Appellant's sentences to run consecutively had the trial court made that determination, the statute does not require it, and the trial court indicated that Appellant's sentences would run concurrently").

concurrent sentencing provision "'"applies to the entire sentence, including fines,"'" this meant that both Appellant's terms of confinement and fines were concurrent. *Id.* (quoting *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (plurality op.)). Thus, "[b]ecause the sentences run concurrently and involve multiple offenses tried together in a single proceeding, the trial court could not assess multiple fines . . . in the two judgments." *Id.* To remedy this perceived error, the court of appeals modified the judgment in Cause No. F15-50350-V to delete the $10,000 fine as it was "concurrent with" the fine imposed in the other case. *Id.*

The State Prosecuting Attorney then filed a petition for discretionary review, which this Court granted on a single ground to review the propriety of the court of appeals' action in deleting the $10,000 fine from the judgment in this case.

## II.     Analysis

In its brief on discretionary review, the State contends that the court of appeals erred by concluding that the imposition of multiple concurrent fines in the judgments was improper here. The State notes that when sentences resulting from a same-criminal-episode prosecution under Penal Code Section 3.03 are ordered to be served concurrently, that includes the discharge of any fines assessed. Thus, "concurrent multiple fines are to be treated as a unitary fine so that they equally discharge together. Both remain a to-be-discharged-jointly obligation when no payment has been made."[5] Here, the court of appeals deleted one of two lawfully-assessed concurrent fines under the apparent belief that doing so was necessary to prevent improper stacking of the fines. The State contends that this

---

[5] State's Brief on Discretionary Review, at 1.

action was unnecessary, given that the judgments for these offenses correctly reflect that the sentences (including the fines) are to run concurrently. The State further contends that the court of appeals' action was in any event impermissible because a court lacks authority to delete part of the jury's lawfully-assessed punishment from the judgment.

In response, Appellant asserts that we should affirm the court of appeals' decision because it is "a reasonable protection of the actual sentence rendered in this case." He posits that there is a danger of "double-billing" in cases like this one because authorities may mistakenly believe that the fines are stacked given that the judgments for each offense do not explicitly say otherwise. He notes that several courts of appeals have deleted a concurrent fine from a judgment under similar circumstances to "ensure prison officials understood fines were concurrent."

In examining these arguments, it is important to note at the outset what is not in dispute: The State does not challenge the court of appeals' determination that the fines here are to be discharged concurrently. Indeed, the State concedes that the trial court's oral pronouncement and written judgment indicating that the sentences are concurrent encompasses any fines imposed, such that Appellant should be required to pay only one $10,000 fine to satisfy the judgments in these cases. Because the State has not challenged this aspect of the court of appeals' analysis, we will not disturb it. Instead, we will limit our holding to the narrow issue raised by the State: that the court of appeals erred by deleting one of the two $10,000 fines imposed. As to that issue, we hold that the court of appeals lacked any authority to modify the trial court's written judgment which correctly

reflected the jury's lawfully-assessed punishment. Therefore, the court of appeals erred by modifying the judgment to delete the fine.

### A.    Applicable Law

A fine is punitive in nature and is part of a defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'"); *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (same); *State v. Kersh*, 127 S.W.3d 775, 777 (Tex. Crim. App. 2004) (a sentence "consists of the facts of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of the fine, if any"). Because a fine is part of the sentence, it must be included in the written judgment. TEX. CODE CRIM. PROC. art. 42.01, § 1(9) (providing that a written judgment "shall reflect" any fine assessed in conjunction with any term of confinement or community supervision). Article 42.01 also provides that the written judgment must include "[t]he terms of any order . . . that the defendant's sentence is to run cumulatively or concurrently with another sentence or sentences[.]" *Id.* § 1(19). "The sentence served shall be based on the information contained in the judgment." *Id.* § 1. If the jury assesses a punishment within the permissible range, that punishment must be included in the judgment, and a court lacks authority to alter it or override it. *See Ette v. State,* 559 S.W.3d 511, 515-16 (Tex. Crim. App. 2018) ("Generally, a trial court has no power to alter a lawful jury verdict unless it is with the jury's consent and before the jury has dispersed. . . . A jury's lawful verdict on punishment is inviolate,

and the trial court must abide by it."); *State v. Aguilera,* 165 S.W.3d 695, 697 (Tex. Crim. App. 2005) ("Absent a sentence not authorized by the applicable statute, a trial court may not alter a sentence assessed by a jury[.]").[6]

When a defendant is found guilty of multiple offenses arising from the same criminal episode in a single proceeding, he must receive a distinct sentence for each offense. TEX. PENAL CODE § 3.03(a) ("When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced."). Because a sentence may include a fine as authorized by law, *see Armstrong, supra,* this necessarily means that each sentence imposed in a same-criminal-episode prosecution under Penal Code Section 3.03 may lawfully include a fine. The trial court may order the sentences (which include any fines assessed) to be discharged consecutively or concurrently depending on the particular circumstances. Penal Code Section 3.03(a) provides that multiple "sentences" imposed in a same-criminal-episode proceeding must ordinarily be served concurrently. *Id.* ("Except as provided by Subsection (b), the sentences shall run concurrently."). Subsection (b) provides that for certain offense types, including the offenses at issue here, the trial court may, in its discretion, order that the sentences run concurrently or consecutively. *Id.* § 3.03(b) ("If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction" of the specified offenses).

---

[6] *See also State v. Dudley,* 223 S.W.3d 717, 721 (Tex. App.—Tyler 2007, no pet.) ("If a jury assesses a punishment authorized by the law, the trial court has no power to change that punishment verdict and has very little authority to do anything other than to impose that sentence.").

In support of its holding in this case, the court of appeals cited this Court's plurality decision in *Crook,* 248 S.W.3d 172. In *Crook*, a plurality of this Court rejected the State's claim that multiple fines must always be discharged consecutively such that Section 3.03's provisions were inapplicable to fines. *Id.* at 174, 176-77. There, the jury had assessed a fine of $10,000 as to each of the defendant's thirteen convictions for barratry, and the trial court ordered the fines to run concurrently. *Id.* at 173. On discretionary review, the State contended that, based on a history of fines being imposed cumulatively, the thirteen fines were required to be consecutive, notwithstanding the trial court's order that they be concurrent. The plurality rejected this position. It reasoned that fines are "part of a sentence," such that "[t]he concurrent sentences provision of Section 3.03(a) would [ ] seem to plainly require that the fines in this case run concurrently." *Id.* at 174. It further noted that the cases cited by the State supporting the requirement of consecutive fines preceded enactment of Section 3.03. *Id.* After examining the legislative history underlying the statute, the plurality determined that there was no support for the notion that the Legislature intended to "make a distinction between a term of confinement (or probation) and a fine for concurrent sentencing purposes." *Id.* at 175; *see also id.* at 176 ("There is nothing in the legislative history of Section 3.03(a) or any other provision of the 1974 Penal Code to indicate that anyone at any time ever took the position or even suggested that the concurrent sentences provision of Section 3.03(a) should not apply to fines."). The plurality ultimately concluded that "the concurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines." *Id.* at 177. The Court's judgment accordingly upheld the trial court's imposition of the thirteen concurrent $10,000 fines. *Id.* We note that, over

the past 14 years following our 2008 *Crook* decision, the Legislature has not made any changes to the statute to indicate that fines should be treated differently than terms of confinement for purposes of concurrent sentences.

But, as mentioned above, the State does not challenge (and in fact agrees) with the court of appeals' reliance on *Crook* for the proposition that Appellant's fines are to be discharged concurrently. Because no party has challenged this issue, we will not delve into the merits of *Crook*'s reasoning here, nor will we disturb that aspect of the court of appeals' analysis.[7] For our purposes then, it is enough to say that, where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement—the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines. *See* 43 TEX. PRAC. SERIES, CRIMINAL PRACTICE AND PROCEDURE § 38:37 (citing *Crook* and stating, with respect to concurrent fines, that they are to be treated "like prison sentences" and "the largest of multiple fines becomes the total applicable fine").

### B.     Application – The court of appeals erred by deleting the lawfully-assessed concurrent fine from the judgment.

In view of the foregoing principles, we conclude that the court of appeals lacked any legal justification for deleting one of the two lawfully-assessed fines from the

---

[7] We also note that the issue in *Crook* was different from the issue under consideration here—in *Crook* we addressed whether multiple fines imposed in a same-criminal-episode prosecution *must always* be discharged consecutively, notwithstanding the trial court's order that they be discharged concurrently. *See Crook*, 248 S.W.3d at 174. Simply put, that is not the disputed issue here. Rather, the issue raised by the State is whether, accepting that Appellant's fines are to be discharged concurrently, it was proper for the court of appeals to delete one of the two fines from the judgments. *Crook* does not directly speak to that distinct issue. Therefore, we need not accept or reject *Crook*'s reasoning here, and we limit our holding to the issue actually presented.

judgments here. The $10,000 fine in this case was part of the sentence properly assessed by the jury, was within the permissible range of punishment for a second-degree felony, and was thus required to be included in the written judgment. *See* TEX. CODE CRIM. PROC. art. 42.01, § 1(9). Nothing about the fact that Appellant's fines were to be discharged concurrently changes this. Both of the trial court's judgments in this case properly reflected that Appellant's sentences (including the fines) were to be served "concurrently," thereby signaling that the fines would be discharged jointly. *See Crook*, 248 S.W.3d at 177; TEX. PENAL CODE § 3.03(a). Contrary to the court of appeals' assumption, the trial court's inclusion of both concurrent fines in the judgments was not erroneous and did not improperly signal that the fines would be discharged consecutively. In short, there was no error in the trial court's judgments, which correctly reflected the lawfully-assessed concurrent fines in these cases. Therefore, the court of appeals lacked authority to alter the jury's lawful verdict by deleting the $10,000 fine from the judgment in this case. *Ette*, 559 S.W.3d at 515; *Aguilera*, 165 S.W.3d at 697.

The court of appeals' analysis erred in two ways. First, the court erroneously cited to illegal-sentence principles to support its conclusion that the judgment should be modified. *See Anastassov*, 2020 WL 4669880, at *10. This description was inapposite here, given that the fines assessed were within the permissible range of punishment for a second-degree felony. *See* TEX. PENAL CODE § 12.33(b) (second-degree felony is punishable by maximum fine of $10,000); *Ex parte Pue,* 552 S.W.3d 226, 228 (Tex. Crim. App. 2018) (stating that an illegal sentence is "one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal").

Second, although not entirely clear from its analysis, it appears the court incorrectly relied in part upon Code of Criminal Procedure Article 102.073, which applies only to court costs and fees. *See* TEX. CODE CRIM. PROC. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each *court cost or fee* only once against the defendant.") (emphasis added). A fine is not a court cost or fee; it is part of the punishment. *See Armstrong*, 340 S.W.3d at 767 (stating that, unlike fines, court costs are "not part of the sentence;" are "compensatory in nature;" and are "'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'") (quoting *Weir*, 278 S.W.3d at 366). Yet, the court of appeals jointly addressed the propriety of the trial court's imposition of court costs and fines in both judgments, and it cited this statute for the proposition that the "the trial court could not assess multiple fines or duplicate costs in the two judgments." *Anastassov*, 2020 WL 4669880, at *11. To the extent the court of appeals suggested that Article 102.073 was applicable to fines and meant that the imposition of multiple fines here was unlawful, it was incorrect.

We are sympathetic to the court of appeals' concern about fines being improperly stacked. And we acknowledge that multiple lower courts of appeals have taken the same approach as the court of appeals here by deleting a lawfully-assessed concurrent fine from the judgment to protect against possible improper stacking of fines.[8] Nevertheless, we

---

[8] *See, e.g.*, *Brandon v. State*, No. 06-21-00086-CR, 2022 WL 2231189, at *4 (Tex. App.—Texarkana June 22, 2022, pet. filed); *Walton v. State*, 641 S.W.3d 861, 872–73 (Tex. App.—Fort Worth 2022, pet. ref'd); *Gonzalez v. State*, No. 02-18-00179-CR, 2021 WL 924711, at *1 (Tex. App.—Fort Worth Mar. 11, 2021, pet. filed); *Beard v. State*, No. 01-18-00440-CR, 2019 WL 3484084, at *13 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019); *Johnson v. State*, No. 02-15-00357-CR, 2019 WL 2223581, at *9 (Tex. App.—Fort Worth May 23, 2019); *Cantu v. State*, No.

expressly disavow this approach because it directly conflicts with the sentencing principles discussed above. We will not override those principles for policy reasons to protect against some future potential improper "double billing" of concurrent fines.

Further, as the State notes in its brief, deleting a lawfully-assessed concurrent fine from a judgment carries with it potential undesirable consequences. For example, if we were to uphold the court of appeals' deletion of the fine in this case and Appellant's companion conviction were later vacated on post-conviction habeas review for some reason, then Appellant would be unfairly relieved of paying any fine at all in these cases. We decline to adopt an approach that may result in an undeserved windfall. Such an outcome would effectively relieve defendants from a lawfully-assessed punishment to protect against the mere possibility of administrative errors in the collection and discharge of concurrent fines.[9] If defendants are being improperly subjected to consecutive fines in conflict with the trial court's judgments in a given case, the proper course is to pursue relief through a writ of habeas corpus.[10] We will not render an inaccurate judgment in an effort to avoid administrative mistakes.

---

07-16-00389-CR, 2018 WL 618610, at *5 (Tex. App.—Amarillo Jan. 25, 2018); *Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023, at *1–2 (Tex. App.—El Paso May 14, 2015, pet. ref'd); *Habib v. State*, 431 S.W.3d 737, 742, 744 (Tex. App.—Amarillo 2014).

[9] Other courts of appeals have declined to delete the fine under these circumstances but have instead retained the fines in each judgment and modified the text within the judgments to make clear that the fines are to be discharged concurrently. *See, e.g.*, *Alexander v. State*, No. 03-16-00074-CR, 2016 WL 5363735, at *1 (Tex. App.—Austin Sept. 22, 2016); *Abraham v. State*, No. 04-13-00180-CR, 2014 WL 2917378, at *1–3 (Tex. App.—San Antonio June 25, 2014). While adding a notation to the judgments may be the best practice in a case like this one, the lack of such a notation in the judgment does not create an error in need of correction.

[10] We also decline Appellant's request that we add language to the judgment, bill of costs, and criminal fee docket to clarify that the fines here are concurrent as a means of preventing improper stacking of the fines by prison authorities. We are unaware of any entity's attempt to improperly

### III.    Conclusion

There was no lawful basis for the court of appeals' deletion of the concurrent $10,000 fine from the judgment in this case. Just as it would be improper to delete a concurrent term of confinement from a judgment, the court of appeals lacked authority to delete the lawfully-assessed fine that was within the permissible range of punishment for this offense. The judgments clearly showed that the sentences were to run "concurrent[ly]." This was all that was required to correctly reflect that Appellant's fines would be discharged jointly in accordance with concurrent-sentencing principles. Therefore, we reverse that portion of the court of appeals' judgment that had deleted the $10,000 fine from the judgment in case number F-1550350-V, and we reinstate the $10,000 fine in the written judgment for that offense. We otherwise affirm the court of appeals' judgment.[11]

DELIVERED: October 5, 2022
PUBLISH

---

collect consecutive fines in this case, and therefore any complaint regarding the improper *collection* of fines is not yet ripe for review. *See Petetan v. State*, 622 S.W.3d 321, 334 (Tex. Crim. App. 2021) (an issue is ripe when there is an injury which "has occurred or is likely to occur, rather than being contingent or remote. . . . Thus, the ripeness analysis focuses on whether a case involves uncertain or contingent future events that may not occur as anticipated or may not occur at all") (citation and quotations omitted).

[11] As noted above, the court of appeals made an additional modification to the judgment by indicating that Appellant was required to register as a sex offender. *See* note 2, *supra*. Therefore, we do not reinstate the trial court's original judgment in full, but simply reinstate the concurrent $10,000 fine that the court of appeals deleted.